UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAMONT E. HANSBOROUGH, ) | |
| ) | |
| plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-cv-0489 AS |
| ) | |
| JAMES W. REICKHOFF, Judge, ) | |
| LAWRENCE J. METEIVER, Deputy ) | |
| Prosecutor, and MICHAEL J. BROOKS, ) | |
| Sheriff, ) | |
| ) | |
| defendants. ) | |

*OPINION AND ORDER*

Lamont Hansborough, a prisoner confined at the Elkhart County Jail, submitted a complaint naming Elkhart Superior Court Judge James Reickhoff, Deputy Prosecutor Lawrence Meteiver, and Sheriff Michael Brooks as defendants. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Hansborough alleges that "Judge Rieckhoff improperly sentenced me" (complaint at p. 3), and refused to correct his error. Mr. Hansborough further asserts that he has now served time "in excess above and beyond the already improper sentence." (Complaint at p. 3). He also alleges that Deputy Prosecutor Meteiver prepared the plea agreement and knew he was improperly sentenced. Finally, he asserts that Sheriff Brooks "is aware of [his] situation and circumstances . . . [and] . . . is guilty of unlawful incarceration." (Complaint at p. 4).

To the extent Mr. Hansborough asks the court to order his release from custody, he states no claim upon which relief can be granted under § 1983. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

Mr. Hansborough seeks to sue Judge Rieckhoff for damages, but judges are not liable for damages in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will not be deprived of immunity because the action he took was in error, was done maliciously or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. at 356-357. A judge is absolutely

immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump v. Sparkman*, 435 U.S. at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied* , 494 U.S. 1085 (1990).

Judge Rieckhoff is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. Judge Rieckhoff had the jurisdiction and capacity to sentence Mr. Hansborough. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Thus, even if Judge Rieckhoff erred in sentencing Mr. Hansborough, he is immune from civil damages.

Mr. Hansborough alleges that Deputy Prosecutor Meteiver participated in the sentencing hearing and knew of the injustices that happened yet did nothing about them. Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." *Id.* at 431. This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Negotiating a plea agreement and participating in a sentencing hearing constitutes conduct intimately associated with the judicial phase of the criminal process, so even if Mr. Meteiver was aware that Judge Rieckhoff erred in sentencing Mr. Hansborough, he is immune from civil damages.

Finally, Mr. Hansborough alleges that Sheriff Brooks knew of his situation and circumstances and is guilty of unlawfully incarcerating him. But Mr. Hansborough concedes that Sheriff Brooks held him pursuant to a conviction and sentencing order issued by Judge Rieckhoff. Sheriff Brooks did not have the authority to release Mr. Hansborough in the face of a judicial order requiring him to be held in custody.

Moreover, if the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 486-487). To award Mr. Hansborough damages for illegal confinement would require a finding that he was improperly sentenced and has been illegally confined.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED.**

**ENTERED**: November   18  , 2005

                                        **S/ ALLEN SHARP**
                                    **ALLEN SHARP, JUDGE**
                                    **UNITED STATES DISTRICT COURT**