UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LAMONT E. HANSBOROUGH, | ) | |
| | ) | |
| plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-cv-0489 AS |
| | ) | |
| JAMES W. REICKHOFF, Judge, | ) | |
| LAWRENCE J. METEIVER, Deputy | ) | |
| Prosecutor, and MICHAEL J. BROOKS, | ) | |
| Sheriff, | ) | |
| | ) | |
| defendants. | ) | |

*OPINION AND ORDER*

Lamont Hansborough, a prisoner confined at the Elkhart County Jail, submitted a complaint naming Elkhart Superior Court Judge James Reickhoff, Deputy Prosecutor Lawrence Meteiver, and Sheriff Michael Brooks as defendants. The court dismissed the complaint pursuant to 28 U.S.C. § 1915A. Mr. Hansborough has now filed a motion to reconsider the dismissal of his complaint.

Mr. Hansborough alleges that Judge Rieckhoff improperly sentenced him and refused to correct his error, that he served time beyond that he should have, that Deputy Prosecutor Meteiver prepared the plea agreement and knew he was improperly sentenced, and that Sheriff Brooks was aware of the problem and therefore unlawfully incarcerated him. The court dismissed the claims against defendants Rieckhoff and Meteiver based on the doctrines of judicial and prosecutorial immunity, and dismissed Sheriff Brooks because he had no authority to release the plaintiff until ordered to do so by the court presiding over the criminal prosecution against him. The court also cited *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994), for the proposition that if the remedy sought under § 1983 would require

a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Mr. Hasborough now submits evidence that he was released from his sentence on March 10, 2004, pursuant to a motion to correct erroneous sentence filed by his attorney. He asserts that the state's attorney agreed that he had served time in excess of lawful confinement. Judge Rieckhoff granted the motion to correct erroneous sentence and authorized the sheriff to release him.

The plaintiff's submissions establish that Judge Rieckhoff granted the motion to correct erroneous sentence, which undermines his claim that the judge and refused to correct his error. Mr. Hansborough's new evidence gets him over the hurdle imposed by *Heck v. Humphry*, but it does not get him around the doctrines of judicial or prosecutorial immunity.

Judge Rieckhoff is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. Judge Rieckhoff had the jurisdiction and capacity to sentence Mr. Hansborough. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Thus, even if Judge Rieckhoff erred when he originally sentencing Mr. Hansborough, he is immune from civil damages.

Mr. Hansborough alleges that Deputy Prosecutor Meteiver participated in the sentencing hearing and knew of the injustices that happened yet did nothing about them. But prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." *Id.* at 431. This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Negotiating a plea agreement and participating in a sentencing hearing constitutes conduct intimately associated with the judicial phase of the criminal process, so even if Mr. Meteiver was aware that Judge Rieckhoff erred in sentencing Mr. Hansborough, he is immune from civil damages.

Finally, Mr. Hansborough's submissions still do not state a claim against Sheriff Brooks. Even if Sheriff Brooks knew of Mr. Hasborough's problem and believed he had been incorrectly sentenced. Mr. Hansborough concedes that Sheriff Brooks held him pursuant to a conviction and sentencing order issued by Judge Rieckhoff. Sheriff Brooks simply did not have the authority to release Mr. Hansborough in the face of a judicial order requiring him to be held in custody. Mr. Hansborough does not allege that Sheriff Brooks ignored the order issued by Judge Rieckhoff on March 10, 2004, that he be released from custody.

For the foregoing reasons, the court **DENIES** the plaintiff's motion to reconsider the dismissal of his complaint (docket #10).

**IT IS SO ORDERED.**

**ENTERED**: April  13 , 2006

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**